ATKINSON & DeBARTOLO, P.C.
The Galleria
2 Bridge Avenue
Building Two, Third Floor
Red Bank, New Jersey  07701
(732) 530-5300
BA9186
Attorneys for Trustee, Bunce D. Atkinson

| | |
|---|---|
| IN RE:<br><br>ROBERT LANZIERI,<br><br>Debtor.<br><hr>BUNCE D. ATKINSON, TRUSTEE FOR DEBTOR ESTATE OF ROBERT LANZIERI,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LANZIERI; HELENE LANZIERI; SAL LANZIERI; KOUFAS NORGAARD; L.L.C. and POLES, TUBLIN, STRATAKIS, GONZALEZ, L.L.P formerly POLES, TUBLIN, STRATAKIS, GONZALEZ, & WEICHERT, L.L.P.<br><br>Defendants. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>CASE NO. 07-15540/MBK<br><br>ADV. NO.:<br><br><br>**COMPLAINT TO REVOKE DISCHARGE AND FOR COLLECTION OF POST PETITION TRANSFERS OF DEBTOR ESTATE PROPERTY** |

Bunce D. Atkinson, Esq., Chapter 7 Trustee, by way of Complaint against the Defendants says:

**JURISDICTION AND VENUE**

1. Jurisdiction in this matter exists by virtue of 28 *U.S.C.* §1334.

2. This matter is a core proceeding pursuant to 28 *U.S.C.* §157.

3. Venue in this matter is properly before this Court by virtue of 28 *U.S.C.* §1408.

**PARTIES**

4. Bunce D. Atkinson is the duly appointed Trustee in bankruptcy for the Debtor Estate of Robert Lanzieri.

5. The Defendant, Robert Lanzieri, the Debtor, resides at 270 22nd Avenue, Brick, NJ 08724-1704.

6. The Defendant, Helene Lanzieri, resides at 7 Regent Court, Brick, NJ 08723.

7. The Defendant, Sal Lanzieri, resides at 7 Regent Court, Brick, NJ 08723.

8. The Defendant, Koufos & Norgaard, have a principle place of business located at 103 Brighton Avenue, 3rd Floor, Long Branch, NJ 07740.

9. The Defendants, Poles, Tublin, Stratakis, Gonzalez, L.L.P formerly Poles, Tublin, Stratakis, Gonzalez & Weichert, L.L.P., have offices located at 127 East Mt. Pleasant Avenue, Livingston, NJ 07039-3005.

**STATEMENT OF OPERATIVE FACTS**

1. The Debtor/Defendant, Robert Lanzieri, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on April 23, 2007.

2. Bunce D. Atkinson, Esq., was appointed as the Chapter 7 Trustee by notice dated April 25, 2007.

3. As a result of the filing of the petition, all of the Debtor's right, title and interest in real and personal property became property of the Debtor Estate pursuant to 11 U.S.C. 541(a)..

4. Prior to the filing of the Chapter 7 petition, the Debtor had been the owner of businesses known as B.D. Detailing, L.L.C. and S. & B. Auto Diagnostics. At the time of the filing of the Debtor's petition, proceeds of the sale of B.D. Detailing, L.L.C. and S. & B. Auto Diagnostics to East Elizabeth Auto, L.L.C. were being held in trust by Stephen I. Weichert, Esq.

of the law firm of Poles, Tublin, Stratakis, Gonzalez & Weichert, L.L.C., (hereinafter referred to as the "Poles law firm").

5. The First Meeting of Creditors was scheduled for and conducted on May 22, 2007. At the First Meeting of Creditors, the Debtor testified under oath concerning his assets and liabilities.

6. At the time of the filing of the petition, the Debtor did not list the sales proceeds held in trust by the Poles law firm in his Schedule B, however he did include in the Statement of Financial Affairs that Stephen I. Weichert, Esq. was holding $25,331.44 by Order of the Superior Court of New Jersey, Ocean County, Docket No. FM-15-1656-05 dated December 8, 2006.

7. The monies were held in trust pursuant to the Order of the Superior Court of New Jersey based upon the claims of Donna Lanzieri, who had made a claim for equitable distribution.

8. At the time of the filing of the petition, Robert Lanzieri and Donna Lanzieri were not divorced and accordingly, she had no claim for equitable distribution, and the assets were part of the Debtor Estate of Robert Lanzieri.

9. At the First Meeting of Creditors, the Debtor testified that he had sold his businesses in October 2006 and the monies were held in escrow by Stephen I. Weichert, Esq. At the First Meeting of Creditors, the Debtor and his bankruptcy counsel were instructed that this was an asset of the Debtor Estate, and that it could not be disbursed to anyone without the approval of the Trustee.

10. The Debtor did not claim any portion of the monies held in trust as exempt pursuant to 11 *U.S.C.* §522(d), and did not list the property as exempt in Schedule C.

11. Following the First Meeting of Creditors, the Debtor did not amend Schedule B to include the monies in trust or Schedule C claiming any portion of the asset as exempt.

12. Following the First Meeting of Creditors, the Trustee contacted Stephen I. Weichert and advised that based upon the filing of the petition, the Trustee was the sole member of B. D. Detailing, L.L.C. and that the proceeds from the sale of 800 East Elizabeth Avenue, Linden, New Jersey, were property of the Debtor Estate.

13. In a letter dated August 17, 2007, the Poles law firm provided the Trustee with a copy of the attorney trust account statement, a copy of the closing statement for the sale of the real property located at 800 East Elizabeth Avenue, and a copy of the closing statement for the sale of the assets by S. & B. Auto Diagnostics, Inc.

14. At the time, the Poles law firm was holding $29,051.02 in its attorney trust account, which was an asset of the Debtor Estate.

15. The closing statement for the sale indicated that $16,300.00 was held in escrow by Buyer's attorney to satisfy the State of New Jersey and that any excess funds would be returned to the Seller's attorney(the Poles law firm).

16. Any portion of the return of the escrow for the satisfaction of a debt owed to the State of New Jersey was an asset of the estate.

17. A portion of the escrow held for payment to the State of New Jersey was returned to the Poles law firm as the attorneys for the Seller, and as a result the Poles law firm was holding $34,808.55 in escrow, which monies were property of the Debtor Estate.

18. On January 25, 2008, without notification to the Trustee and without authorization of the Trustee, the Poles law firm transferred the $34,808.55 which was an asset of

4

the Debtor Estate to the Koufos & Norgaard (hereinafter referred to as the "Koufos law firm") attorney trust account.

19. On or about January 30, 2008, Veronica R. Norgaard, Esq. of the Koufos law firm pursuant to the request of the Defendant/Debtor, Robert Lanzieri, paid to Sal Lanzieri, the brother of the Defendant/Debtor, Robert Lanzieri, the sum of $24,424.78. These monies were property of the Debtor Estate.

20. On January 29, 2008 at the request of the Defendant/Debtor, Robert Lanzieri, the Koufos law firm transferred $6,000.00 to Helene Lanzieri, the mother of the Defendant/Debtor, Robert Lanzieri. These monies were property of the Debtor Estate.

21. On January 29, 2008, the Koufos law firm paid itself legal fees of $4,383.77 representing monies due and owing to it by the Defendant/Debtor, Robert Lanzieri. These monies were property of the Debtor Estate.

22. On June 8, 2009, Plaintiff requested from the Poles law firm turnover of the monies held in escrow.

23. By letter dated June 12, 2009, the Poles law firm advised the Trustee that Stephen Weichert was no longer a member of the firm and that the escrow was disbursed to the Koufos law firm to be held in its attorney trust account.

24. The Trustee demanded turnover of the escrow from the Koufos law firm.

25. Following the demand for the turnover of the escrow to the Trustee because it was property of the Debtor Estate, the Koufos law firm advised the Trustee that it had distributed the monies pursuant to the direction of Robert Lanzieri.

26. On November 12, 2009, the Trustee demanded return of the $34,808.55 from the Defendant/Debtor, Robert Lanzieri. The Defendant/Debtor did not return any portion of the monies.

27. On November 12, 2009, the Trustee demanded return of $6,000.00 from the Defendant, Helene Lanzieri, and to date no portion of the monies have been returned to the Trustee.

28. On November 12, 2009, the Trustee demanded return of $24,424.78 from Sal Lanziere, and to date no portion of the monies have been returned to the Trustee.

29. The Trustee demand from the Koufos law firm the sum of $34,88.55 representing the monies that it disbursed, which were property of the Debtor Estate. To date, no portion of the monies have been returned to the Trustee.

## CAUSE OF ACTION
## FIRST COUNT

30. Plaintiff repeats and incorporates by reference as if set forth herein at length, each and every allegation set forth in the Statement of Facts.

31. The Defendant/Debtor, Robert Lanzieri, was discharged in bankruptcy on July 24, 2007.

32. Subsequent to obtaining his discharge, the Defendant/Debtor, Robert Lanzieri, acquired property or exercised control over property that was property of the estate consisting of $34,808.55, which he fraudulently failed to report the acquisition of the property or to deliver or surrender such property to the Trustee in violation of 11 *U.S.C.* §727(d)(2).

33. The Defendant/Debtor's disposition of the $34,808.55 through the direction to his attorneys, the Koufos law firm, was a conversion of the assets of the Debtor Estate for the benefit

6

of the Debtor and members of his family who were not entitled to the Debtor Estate property, and was a failure to surrender the property to the Trustee.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant as follows:

a. revoking the discharge obtained by the Debtor on July 24, 2007;

b. for the sum of $34,808.55;

c. accrued pre-judgment interest;

d. attorney's fees and cost of suit;

e. punitive damages; and

f. such other relief as the Court deems equitable and just.

## SECOND COUNT

34. Plaintiff repeats and incorporates by reference as if set forth herein at length, each and every allegation contained in the Statement of Facts and First Count of the Complaint.

35. The transfer of $24,424.78 to Sal Lanzieri by check dated January 29, 2008, was a post petition transaction which the Trustee is entitled to avoid pursuant to 11 *U.S.C.* §549(a)(1)(D).

36. Pursuant to the provisions of 11 *U.S.C.* §550, the Trustee is entitled to recover for the benefit of the Estate, the property transferred to the Defendant Sal Lanzieri.

37. The Defendant Sal Lanzieri has converted the Debtor Estate property for his own use, and is wrongfully retaining the property.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant, Sal Lanzieri, as follows:

a. for the sum of $24,424.78;

b. accrued pre-judgment interest;

c. attorney's fees and cost of suit;

d. for punitive damages; and

f. such other relief as the Court deems equitable and just.

## THIRD COUNT

38. Plaintiff repeats and incorporates by reference as if set forth herein at length, each and every allegation contained in the Statement of Facts and the First Count of the Complaint.

39. The transfer of $6,000.00 to Helene Lanzieri by check dated January 29, 2008, delivered January 30, 2008, which was a post petition transaction which the Trustee is entitled to avoid pursuant to 11 *U.S.C.* §549(a)(1)(D).

40. Pursuant to the provisions of 11 *U.S.C.* §550, the Trustee is entitled to recover for the benefit of the Estate, the property transferred to the Defendant Helene Lanzieri.

41. The Defendant Helene Lanzieri has converted the Debtor Estate property for her own use, and is wrongfully retaining the property.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant, Helene Lanzieri, as follows:

a. the sum of $6,000.00;

b. accrued pre-judgment interest;

c. attorney's fees and cost of suit;

8

  d.  for punitive damages; and

  e.  such other relief as the Court deems equitable and just.

## FOURTH COUNT

  42.  Plaintiff repeats and incorporates by reference as if set forth herein at length, each and every allegation contained in the Statement of Facts and the First Count of the Complaint.

  43.  The transfer of $4,383.77 to the Koufos law firm by check dated January 29, 2008, which was a post petition transaction which the Trustee is entitled to avoid pursuant to 11 *U.S.C.* §549(a)(1)(D).

  44.  Pursuant to the provisions of 11 *U.S.C.* §550, the Trustee is entitled to recover for the benefit of the Estate, the property transferred to the Defendant, Koufos & Norgaard.

  45.  On January 29, 2008, the Koufos law firm transferred $34,808.55 which it had received from the Poles law firm, and as a result the Trustee is entitled to recover the $34,808.55 from the Koufos law firm as the initial transferee of the funds pursuant to 11 *U.S.C.* §550.

  46.  The Defendant Koufos law firm has converted the Debtor Estate property for its own use, and is wrongfully retaining the property.

  **WHEREFORE**, the Plaintiff demands Judgment against the Defendant, Koufos law firm, as follows:

  a.  the sum of $34,808.55;

  b.  accrued pre-judgment interest;

  c.  attorney's fees and cost of suit;

  d.  for punitive damages; and

  e.  such other relief as the Court deems equitable and just.

## **FIFTH COUNT**

46. Plaintiff repeats and incorporates by reference as if set forth herein at length, each and every allegation contained in the Statement of Facts and the First Count of the Complaint.

47. The Defendant, Poles law firm, was the initial transferee of assets of the Debtor Estate, and wrongfully transferred the asset consisting of $34,808.55 from its attorney trust account knowing that it was an asset of the Debtor Estate.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant, Poles law firm, as follows:

    a.    the sum of $34,808.55;

    b.    accrued pre-judgment interest;

    c.    attorney's fees and cost of suit; and

    d.    such other relief as the Court deems equitable and just.

ATKINSON & DEBARTOLO
Attorneys for Plaintiff/Trustee

BY:    */s/ Bunce D. Atkinson*
        BUNCE D. ATKINSON, ESQ.

Dated: 01/26/2010